IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DANNY E. ROGERS #147104,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. 3:23-cv-00231** |
| v. ) | |
| ) | **JUDGE CAMPBELL** |
| **TONY MAYS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

Plaintiff Danny E. Rogers, an inmate at West Tennessee State Penitentiary, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) regarding his alleged lack of medical treatment at his former place of confinement, Riverbend Maximum Security Institution (RMSI). Plaintiff also filed an application to proceed as a pauper (Doc. No. 2) and a motion to appoint counsel. (Doc. No. 4). The Complaint is before the Court for initial review. As explained below, this case may proceed for further development, though Plaintiff's motion to appoint counsel will be **DENIED**. Plaintiff should consult the accompanying Order for further instructions.

### I. APPLICATION TO PROCEED AS A PAUPER

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that he cannot pay the filing fee in advance (*see* Doc. No. 2-1 at 1), so the application will be **GRANTED**. Plaintiff will be assessed the $350.00 filing fee in the accompanying Order. 28 U.S.C. § 1915(b).

### II. INITIAL REVIEW

The Court must review the Complaint to determine if any part is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). And because Plaintiff is representing himself, the Court must hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

A. Allegations

Plaintiff brings this case against: RMSI employees Warden Tony Mays, Sergeant Linda Stokes, Officer Michael Jemeyson, and an unnamed alternate grievance board chairperson ("Chairperson Doe"); and Nurse Hailey, an employee of Corizon Medical Group working at RMSI. (Doc. No. 1 at 1, 3–6). Plaintiff requests monetary damages.[1] (*Id.* at 14). Liberally construing the Complaint in Plaintiff's favor, he alleges as follows:

On March 29, 2022, with Nurse Hailey present, Plaintiff told Sgt. Stokes and Officer Jemeyson that he was having severe chest pains and requested a sick call form. (*Id.* at 8). Later, when Nurse Hailey and Officer Jemeyson were giving medication to an inmate in the cell next to Plaintiff, Plaintiff asked if they had a sick call form. (*Id.* at 8–9). Nurse Hailey and Officer Jemeyson did not respond at first, but after Plaintiff knocked on his cell window and repeated the question, Nurse Hailey said, "no." (*Id.*). Plaintiff then said that he needed to sign up for an emergency sick call because he was having severe chest pains, and Nurse Hailey and Officer Jemeyson did not respond. (*Id.* at 9).

Plaintiff filed an "emergency grievance" regarding this incident with Chairperson Doe. (*Id.* at 10.) Chairperson Doe "refuse[d] to process Plaintiff['s] grievance as according to policy and procedure" by 1) writing on it that he or she did not believe the grievance to be an emergency and

---

[1] Plaintiff also requests declaratory relief (Doc. No. 1 at 13), but that request became moot when Plaintiff was transferred from RMSI to another facility. *See Price v. Stephenson*, No. 18-1702, 2019 WL 2603540, at *2 (6th Cir. Apr. 26, 2019) (affirming dismissal of prisoner's case under the Rule 12(b)(6) standard because his "request for injunctive and declaratory relief [became] moot when he [was] transferred to another facility" (citing *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996))). Accordingly, only Plaintiff's request for monetary damages remains.

2) returning it to Plaintiff unprocessed (along with three other grievances filed by Plaintiff). (*Id.* at 10–11). Plaintiff re-filed the grievances, also checking a box reflecting that he wanted to appeal. (*Id.* at 11.) At the same time, Plaintiff sent a "letter of notification" to the RMSI wardens to inform them that Chairperson Doe was violating grievance procedure. (*Id.*).

**B. Legal Standard**

To decide if the Complaint states a claim, the Court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

To state a Section 1983 claim, a plaintiff must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). All five Defendants in this case acted under color of state law, and Plaintiff asserts claims against them in both their individual and official capacities. (Doc. No. 1 at 3–6). "[A]n individual-capacity claim seeks to hold an official personally liable for the wrong alleged," while "[a]n official-capacity claim against a person is essentially a claim against the" entity that the person represents. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013)). The Court will address each type of claim in turn.

3

1. Individual-Capacity Claims

Plaintiff alleges that Defendants failed to provide him medical treatment for severe chest pains beginning on March 29, 2022. As a convicted prisoner, the Eighth Amendment protects Plaintiff from deliberate indifference to serious medical needs by prison officials. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citation omitted). To state a claim on this basis, Plaintiff must show, objectively, that he had a sufficiently serious medical need, and subjectively, that an official knew of and disregarded that medical need. *See Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (citations omitted).

For the purpose of initial review, Plaintiff has plausibly alleged that he had a serious medical need in the form of severe chest pains. *See Est. of Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (describing chest pains, along with trouble breathing, as "classic signs of an impending heart attack"). Plaintiff has also plausibly alleged that Sgt. Stokes, Officer Jemeyson, and Nurse Hailey were aware of and disregarded this medical need, as Plaintiff allegedly mentioned his chest pains when requesting sick call forms from these three Defendants—requests that were ignored or refused. Accordingly, Plaintiff may proceed with a claim for deliberate indifference to serious medical needs against Sgt. Stokes, Officer Jemeyson, and Nurse Hailey.

As for Warden Mays and Chairperson Doe, however, Plaintiff does not allege sufficient personal involvement to state a claim for relief. Plaintiff alleges that he filed an emergency grievance regarding the lack of medical attention for his severe chest pains, and that Chairperson Doe did not follow proper policy with regard to that grievance. Plaintiff also alleges that he notified Warden Mays of Chairperson Doe's shortcoming through a "letter of notification," and that Warden Mays is ultimately responsible for ensuring that the grievance procedure is effective. (Doc. No. 1 at 5). But "claims premised on the mishandling of [] grievances" are subject to dismissal

4

because "a prisoner has no constitutional right to an effective prison grievance procedure" and a violation of prison policy does not amount to a constitutional violation. *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (citations omitted). Similarly, "allegations of a failure to act or, more specifically, a failure to adequately investigate an administrative grievance or complaint do not give rise to constitutional violations." *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *2 (6th Cir. Mar. 20, 2018) (citing *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008)). Accordingly, Plaintiff fails to state a claim for inadequate medical care against Warden Mays and Chairperson Doe.

   2. Official-Capacity Claims

As noted above, an official-capacity claim "is, in all respects other than name, to be treated as a suit against the entity" that a defendant represents. *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Of the five Defendants, four represent the TDOC (Warden Mays, Sgt. Stokes, Officer Jemeyson, and Chairperson Doe), and one represents Corizon Medical Group (Nurse Hailey).

The only remaining request for relief in this case is for money damages. Plaintiff cannot recover money damages from TDOC because it is an "agenc[y] of the state of Tennessee" that is "entitled to Eleventh Amendment immunity from suit for damages." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (citations omitted). Plaintiff, therefore, fails to state an official-capacity claim against the Defendants representing the TDOC.

As for Corizon Medical Group, Plaintiff cannot impose liability on a private entity under Section 1983 unless he can demonstrate that he suffered a constitutional deprivation caused by a policy or custom of that entity. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012). Here, even liberally construing the Complaint in Plaintiff's favor, Plaintiff does not make allegations from

which the Court can reasonably infer the existence of a policy or custom attributable to Corizon Medical Group. Accordingly, Plaintiff fails to state a claim against Nurse Hailey in her official capacity.

### III. MOTION TO APPOINT COUNSEL

Plaintiff requests the appointment of counsel based on his professed indigence, ignorance of the law, and the complexity of the case. (Doc. No. 4). But "[i]t is the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule." *Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). The circumstances alleged by Plaintiff are not exceptional, and he has been able to communicate with the Court and present his case to this point. Accordingly, Plaintiff's motion will be **DENIED**, without prejudice to re-filing if Plaintiff can demonstrate exceptional circumstances at a later stage in the case.

### IV. CONCLUSION

For these reasons, the Court concludes that Plaintiff states an Eighth Amendment claim for deliberate indifference to serious medical needs against Sgt. Stokes, Officer Jemeyson, and Nurse Hailey in their individual capacities. All other claims and Defendants will be **DISMISSED**, and Plaintiff's motion to appoint counsel will be **DENIED** without prejudice.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE