IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DANNY E. ROGERS | ) |
| | ) |
| v. | ) NO. 3:23-cv-00231 |
| | ) |
| TONY MAYS *et al.* | ) |

**TO:** Honorable William L. Campbell, Jr., United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order and Memorandum entered April 11, 2023 (Docket Entry Nos. 6 and 7), the Court referred this *pro se* prisoner civil rights action to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the unopposed motion to dismiss of Defendant Linda Stokes (Docket Entry No. 12). For the reasons set out below, the undersigned respectfully recommends that the motion be granted. The Court further recommends that two defendants who have not been served with process be dismissed and that this action be dismissed in its entirety.

### I.  BACKGROUND

Danny E. Rogers (Plaintiff) is an inmate of the Tennessee Department of Correction (TDOC) currently confined at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. He filed this *pro se* and *in forma pauperis* lawsuit on March 15, 2023, seeking damages under 42 U.S.C. ' 1983 for violations of his constitutional rights alleged to have been committed at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, where he was previously confined. *See* Complaint (Docket Entry No. 1).

Plaintiff alleges that on the morning of March 29, 2022, he told Sgt. Linda Stokes ("Stokes") and correctional officer Michael Jemeyson ("Jemeyson") that he was having "severe chest pains" and needed an inmate sick call form so that he could sign up for emergency sick call. He contends that Jemeyson and "Nurse Hailey" remained in his housing pod while Nurse Hailey handed out medications and that they stopped at the cell next to Plaintiff's cell, at which time Plaintiff alleges that he asked them for a sick call form so that he could sign up for emergency sick call because of his chest pain. He alleges that Jemeyson and Hailey initially ignored his request and then, after Plaintiff's repeated questions about a sick call form, Nurse Hailey stated that she did not have a sick call form. Plaintiff alleges that he filled out an emergency grievance about the matter that same day and turned it into the grievance board chairperson. Plaintiff does not include in his complaint any allegations about what happened after March 29, 2022, such as suffering continued medical issues or being eventually seen in sick call, and the remainder of his complaint is directed at his dissatisfaction with how his grievance was processed. *See* Complaint at 8-13.

Upon initial review of the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted an arguable Eighth Amendment claim against Stokes, Jemeyson, and Nurse Hailey for deliberate indifference to his serious medical needs. *See* Memorandum at 4. The Court dismissed all other claims and defendants. *Id*. at 4-6. Plaintiff returned completed service packets for the three defendants, and summons were issued on April 24, 2023. *See* Docket Entry No. 8.

In lieu of an answer, Defendant Stokes filed the pending motion to dismiss, raising the defense of failure to exhaust administrative remedies and also arguing that Plaintiff's minimal

2

Case 3:23-cv-00231    Document 22    Filed 09/21/23    Page 2 of 6 PageID #: 134

allegations against her fail to support a claim for relief. *See* Memorandum in Support of Motion to Dismiss (Docket Entry No. 12-1). By Order entered June 26, 2023 (Docket Entry No. 13), the Court notified Plaintiff of the need to respond to the motion and set a deadline of August 11, 2023, for him to file his response. Plaintiff has not filed a response in opposition to the motion to dismiss.

After process was issued but not served upon Defendants Jemeyson and Nurse Hailey, the Court, upon Plaintiff's motion, extended the time to serve process on them to September 11, 2023. *See* Order entered July 7, 2023. The docket does not reflect that Plaintiff has taken any steps to have service reissued to these Defendants.

Although Plaintiff has not responded to the motion to dismiss, he has filed (1) a motion to amend (Docket Entry No. 19), which was denied by Order entered August 22, 2023 (Docket Entry No. 20), and (2) a memorandum in support of a request for preliminary injunctive relief (Docket Entry No. 21), which is directed at events occurring at the WTSP and is not accompanied by an actual motion. Entry of a scheduling order has been reserved pending resolution of the motion to dismiss.

## II. STANDARD OF REVIEW

Defendant Stokes' motion is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff=s favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility that a defendant has acted unlawfully. *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. ANALYSIS

#### A. Motion to Dismiss of Defendant Stokes

The motion to dismiss should be granted. Although Plaintiff was specifically notified of the motion, given an extended response deadline, and warned of the need to respond, he has not responded to the motion in any manner. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a timely response to the motion permits the Court to deem the motion unopposed. Likewise, his failure to take action to defend against the request for dismissal of his claim indicates that he does not oppose the dismissal of his claim and (or) that he has abandoned his claim. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) (Aif a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.).

Furthermore, Defendant Stokes has raised legal arguments for the dismissal of the claim against her that, upon review by the Court, are well-reasoned and sound. In the absence of a

4

response from Plaintiff that rebuts these arguments and that shows why his claim against Stokes should not be dismissed, it is not the duty of the Court to Aabandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) (AThis Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss.); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). In the absence of any type of response from Plaintiff, it is not the Court's duty to put the pieces together for Plaintiff and make arguments on his behalf for why the claim against Stokes should not be dismissed.

### B. Rule 4(m) Dismissal of Defendants Jemeyson and Nurse Hailey

Rule 4(m) of the Federal Rules of Civil procedure requires that the defendants be served with process within 90 days of the date the action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice.

Defendants Jemeyson and Nurse Hailey were not served with process within the 90 day period. Nor were they served within the extended time period that was permitted by the Court. Finally, it does not appear that Plaintiff has taken any steps to have process reissued to these Defendants. Because Defendants Jemeyson and Hailey have not been served with process and because good cause does not appear to exist for their failure to be timely served, this action must

be dismissed as to them in accordance with Rule 4(m).

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that :

1) the motion to dismiss (Docket Entry No. 12) of Defendant Linda Stokes be GRANTED;

2) Defendants Michael Jemeyson and "Nurse Hailey" be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure because of lack of service of process upon them; and,

3) this action therefore be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                            Respectfully submitted,

                                            _____
                                            BARBARA D. HOLMES
                                            United States Magistrate Judge